**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ALBERTO OCHOA-GRAMAJO, | No.  15-73429 |
| Petitioner, | Agency No. A205-711-098 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Luis Alberto Ochoa-Gramajo, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider the particular social group Ochoa-Gramajo raises in his opening brief, because he failed to raise it to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

The IJ denied Ochoa-Gramajo's asylum claim as time-barred, and the BIA deemed the issue waived on appeal. Although Ochoa-Gramajo raises arguments regarding the merits of his asylum claim, he does not challenge the agency's dispositive determinations as to asylum in his opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to his asylum claim.

As to withholding of removal, Ochoa-Gramajo similarly does not challenge the BIA's dispositive determinations that he failed to establish the harm he suffered and fears was or is on account of a protected ground. *See id.* Thus, we deny the petition for review as to Ochoa-Gramajo's withholding of removal claim.

Finally, substantial evidence supports the agency's denial of CAT relief

15-73429

because Ochoa-Gramajo failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Guatemalan government. *See Silaya*, 524 F.3d at 1073. We reject Ochoa-Gramajo's contention that the agency erred in its analysis.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**